Matter of Rubin (2022 NY Slip Op 02803)

Matter of Rubin

2022 NY Slip Op 02803

Decided on April 27, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.

2020-01463

[*1]In the Matter of Margarita Rubin, admitted as Margarita Gekhtbarg, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Margarita Rubin, respondent. (Attorney Registration No. 4950903.)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 5, 2011, under the name Margarita Gekhtbarg.

Diana Maxfield Kearse, Acting Chief Counsel, White Plains, NY (Antonia Cipollone of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On March 5, 2020, the Grievance Committee for the Ninth Judicial District personally served the respondent with a notice of petition and verified petition, both dated February 7, 2020, and thereafter duly filed those papers with this Court together with an affidavit of service.
The verified petition contains 14 charges of professional misconduct, which allege, inter alia, that the respondent failed to diligently pursue legal matters entrusted to her, engaged in conduct prejudicial to the administration of justice, and engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of rules 1.3(a) and 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively.
The notice of petition directed the respondent to serve and file her answer to the verified petition within 20 days after service upon her of the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee moves to deem the charges against the respondent established based upon her default, and to impose such discipline upon her as this Court deems appropriate. Although the motion papers were served by the Grievance Committee upon the respondent on December 6, 2021, by overnight delivery, she has neither opposed the instant motion nor interposed any other response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon her default is granted, the charges in the verified petition dated February 7, 2020, are deemed established, and, effective immediately, the respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS, and IANNACCI, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated February 7, 2020, established based upon the default of the respondent, Margarita Rubin, admitted as Margarita Gekhtbarg, is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Margarita Rubin, admitted as Margarita Gekhtbarg, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Margarita Rubin, admitted as Margarita Gekhtbarg, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Margarita Rubin, admitted as Margarita Gekhtbarg, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Margarita Rubin, admitted as Margarita Gekhtbarg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and she shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court